# STATE OF WEST VIRGINIA

## SUPREME COURT OF APPEALS

**LYNN R. MOSKAL,**
**Claimant Below, Petitioner**

**vs.)    No. 19-0214** (BOR Appeal No. 2053380)
(Claim No. 940022552)

**WEST VIRGINIA OFFICE OF**
**INSURANCE COMMISSIONER,**
**Commissioner Below, Respondent**

**and**

**CITY HOSPITAL, INC.,**
**Employer Below, Respondent**

**FILED**

February 13, 2020
**EDYTHE NASH GAISER**, CLERK
SUPREME COURT OF APPEALS
OF WEST VIRGINIA

## MEMORANDUM DECISION

Petitioner Lynn R. Moskal, by Counsel Ronald M. Harman, appeals the decision of the West Virginia Workers' Compensation Board of Review ("Board of Review"). The West Virginia Office of the Insurance Commissioner, by Counsel Melissa M. Stickler, filed a timely response.

The issue on appeal is medical benefits. The claims administrator denied authorization for the medication Tramadol on August 30, 2017. On February 20, 2018, the claims administrator denied authorization for an adjustable bed. The Office of Judges reversed the decisions in its September 7, 2018, Order and granted the requested medical benefits. The Order was reversed, in part, by the Board of Review on February 6, 2019. The Board of Review affirmed the approval of the adjustable bed but denied authorization of the medication Tramadol.

This Court has considered the parties' briefs and the record on appeal. The facts and legal arguments are adequately presented, and the decisional process would not be significantly aided by oral argument. This case satisfies the "limited circumstances" requirement of Rule 21(d) of the Rules of Appellate Procedure and is appropriate for a memorandum decision rather than an opinion.

1

Ms. Moskal, a registered nurse, injured her lower back in the course of her employment on October 24, 1993, while transferring a patient from a bed to a chair. She underwent numerous surgeries for the injury from 1994 to 1999 including a thoracotomy, discectomy, and fusion; an anterior discectomy and interbody fusion; surgery to remove implanted hardware; and an exploration of fusion and laminectomy.

Alex Ambroz, M.D., performed an independent medical evaluation on February 14, 2002, in which he found that Ms. Moskal had reached maximum medical improvement. He opined that she has chronic, severe low back pain and numbness in both legs. Ms. Moskal was on long-term opioid medication, including a Fentanyl patch. Dr. Ambroz noted several prior lower back injuries and surgeries. He assessed 28% impairment. Dr. Ambroz concluded that Ms. Moskal was permanently and totally disabled, mostly as a result of her compensable injury.

The claims administrator authorized the medications Tramadol and Ambien on March 7, 2005. On May 6, 2006, it authorized scar revision for prior back surgeries due to the compensable injury. On July 10, 2006; March 26, 2007; and May 18, 2012, the claims administrator authorized the mediations Fentanyl and Tramadol, among others.

Charles Lancelotta, M.D., performed a medical evaluation on November 4, 2014, in which he noted that Ms. Moskal was very symptomatic and reported that she is in constant pain. She also reported numbness and tingling in her legs with foot drop. She refused any further surgeries. Dr. Lancelotta found that despite extensive treatment, Ms. Moskal's back pain was never significantly reduced. He opined that her symptoms were currently controlled by medication and that such treatment was reasonable and related to the compensable injury.

Treatment notes by Neil Crowe, M.D., indicate Ms. Moskal was diagnosed with the following: thoracic or lumbar spondylosis with myelopathy, failed back surgical syndrome, lumbago, lumbar spinal stenosis, degeneration of lumbar/lumbosacral intervertebral disc, and post-laminectomy syndrome of the lumbar region. On March 24, 2016, Dr. Crowe noted that she was experiencing increased pain in her legs. The pain was making it difficult for her to sleep. He also noted that she suffers from chronic obstructive sleep apnea as well as central sleep apnea. He stated that sleep apnea is common in patients with chronic opioid use. On August 26, 2015, Ms. Moskal reported that her leg pain kept her up at night. On September 29, 2016, Dr. Crowe noted that Ms. Moskal had severe pain in the T8 distribution. She was on numerous pain medications, including Fentanyl, Oxycodone, and Tramadol. The claims administrator authorized the use of Fentanyl, Oxycodone, and Tramadol on April 25, 2016.

Benjamin Krepps, D.O., performed an independent medical evaluation on March 22, 2017, in which he noted that Ms. Moskal had decreased sensation at L3-4 and weakness with left hip flexion. She also had reduced patella and Achilles reflexes on both sides. Dr. Krepps diagnosed thoracic intervertebral disc disorder with myelopathy, post-laminectomy syndrome, lumbar sprain, thoracic sprain, cauda equina syndrome, and chronic pain syndrome. Dr. Krepps opined that Ms. Moskal's symptoms are the result of her compensable injury and recommended long-term pain management. Dr. Krepps noted that her treating physician, Dr. Crowe, recommended she see a pain specialist multiple times but she had been unable to find one. Dr. Krepps stated that Ms.

Moskal was not being provided the usual protocols for pain management patients, including drug screenings, a controlled substance agreement, attempts to wean and taper, and a long-term prognosis. However, Dr. Krepps concluded that her current medications were reasonable and causally related to the compensable injury.

On March 22, 2017, the Office of Judges reversed a June 14, 2016, claims administrator decision and added central sleep apnea to the claim. In that decision, the Office of Judges noted that Ms. Moskal had received a permanent total disability award and was on an opioid regiment to manage her pain.

In a May 18, 2017, treatment note, Dr. Crowe stated that after his evaluation, Dr. Krepps recommended an intrathecal pump to treat Ms. Moskal's pain. However, Dr. Crowe noted that a pump was considered in the past but would not work because her pain was bilateral. Thus, she would need bilateral catheters. On June 16, 2017, Dr. Crowe noted that Ms. Moskal reported she is willing to undergo urine drug screening. Dr. Crowe noted that he was asked to provide a weaning plan to the claims administrator; however, he received no indication from the independent medical evaluations that Ms. Moskal needed to be weaned from her opioid medications. She expressed interest in weaning off of Fentanyl. Dr. Crowe noted that she had tried weaning from Fentanyl in the past but her pain became so severe she was unable to perform her activities of daily living.

On June 20, 2017, the claims administrator authorized Fentanyl, Oxycodone, and Tramadol. In a June 28, 2017, letter to the claims administrator, Dr. Crowe stated that Ms. Moskal agreed to taper her use of Fentanyl as much as possible. The claims administrator approved a referral to a pain management specialist on August 30, 2017. In a separate decision that day, the claims administrator also denied authorization for the medication Tramadol.

In a September 29, 2017, treatment note, Dr. Crowe indicated Ms. Moskal was still having difficulty sleeping so he recommended a specialized bed. She again needed a refill of Tramadol. Dr. Crowe noted that she was still waiting to see a pain medicine specialist and refilled the medication to avoid serious side-effects caused by suddenly stopping the medication.

An October 27, 2017, treatment note by Waheed Backsh, M.D., indicates he is a pain management specialist. He determined that Ms. Moskal's symptoms are severe and interfere with her ability to sleep. Dr. Backsh diagnosed failed back syndrome, thoracic spine pain, thoracic osteoarthritis, lower back pain, lumbar spondylosis, and chronic pain syndrome. Dr. Backsh stated that his treatment options were limited since Ms. Moskal was already on a large dose of Fentanyl. He stated that the only option he could offer would be a spinal cord stimulator.

On January 2, 2018, Dr. Crowe noted that Ms. Moskal attempted to taper her Fentanyl use but was in intolerable pain by the third day. On January 23, 2018, Dr. Crowe noted that the claims administrator had not authorized refills of the medications Fentanyl or Tramadol since October. He requested authorization of the medications until Dr. Backsh could take over her pain management. He also requested authorization for a queen size adjustable bed.

In a letter to the claims administrator on January 29, 2018, Dr. Crowe stated that Ms. Moskal has failed back syndrome and was prescribed a spinal cord stimulator. She had not yet gotten the device because the procedure requires she undergo a psychological evaluation which had not yet been scheduled. Ms. Moskal saw Dr. Backsh on February 9, 2018. Dr. Backsh noted that he saw no signs of odd behavior, addiction, or adverse side effects due to Ms. Moskal's pain regiment. Dr. Backsh stated that he was taking over her pain medicine prescriptions and again recommended a spinal cord stimulator trial.

The claims administrator denied authorization for an adjustable bed on February 20, 2018. Dr. Crowe completed a Medical Statement form on March 20, 2018, in which he requested authorization for a queen size adjustable bed for Ms. Moskal's back pain.

Ms. Moskal returned to Dr. Backsh on March 30, 2018 and reported that her pain was a ten out of ten. She had yet to undergo the psychological evaluation for the spinal cord stimulator and was in extreme pain. On April 13, 2018, Ms. Moskal reported that she had no more Fentanyl and very few Oxycodone and Tramadol. Dr. Backsh noted that her opioid medications provided adequate pain relief and refilled them. He again noted no indication of bad behavior, addiction, or side effects.

In its September 7, 2018, Order, the Office of Judges reversed the August 30, 2017, and February 20, 2018, claims administrator decisions and authorized the medication Tramadol as well as an adjustable bed. With respect to the medication Tramadol, the Office of Judges found that Ms. Moskal has been diagnosed with post-laminectomy syndrome, failed back syndrome, chronic low back pain, and cauda equina syndrome. She has also been granted a permanent total disability award. The Office of Judges noted that Ms. Moskal was on an authorized opioid pain regiment for several years. Dr. Krepps evaluated her and found that while she was not being treated by a pain specialist as required, her symptoms were related to the compensable injury and her prior receipt of pain medications were reasonable and related to the compensable injury. Further, the Office of Judges noted that Ms. Moskal was seen by Dr. Backsh, a pain medicine specialist, who took control of her pain regiment. The Office of Judges concluded that the medical evidence shows the medication Tramadol treats Ms. Moskal's chronic back pain, which resulted from her compensable injury. Therefore, it reversed the claim administrator's decision and authorized the mediation.

In regard to the adjustable bed, the Office of Judges determined that a preponderance of the evidence indicates the bed is reasonable and necessary. Ms. Moskal's medical records show numerous complaints of difficulty sleeping, and Dr. Crowe described the difficulties in detail throughout his treatment notes. He opined that an adjustable bed would be reasonable to treat her low back pain. The Office of Judges determined that Ms. Moskal's pain in not in dispute. Dr. Crowe opined that the bed would help the pain, and the medical records support his conclusion. The Office of Judges therefore reversed the claims administrator's decision and authorized an adjustable bed.

On February 6, 2019, the Board of Review reversed the Office of Judges' decision insofar as it authorized the medication Tramadol. The Board of Review concluded that Tramadol is a

controlled substance and therefore requires certain documentation when prescribed beyond limited time periods following the initial injury or subsequent surgeries. West Virginia Code of State Rules §85-20-53. The Board of Review found that the necessary documentation was not submitted and therefore the medication Tramadol should not be authorized. The Board of Review affirmed the remainder of the Office of Judges' decision.

After review, we find that the Board of Review's decision is so clearly wrong, in part, that even when all inferences are resolved in favor of the Board of Review's findings, reasoning, and conclusions, there is insufficient support to sustain the decision. As pertains to long-term opioid use, West Virginia Code of State Rules §85-20-53.4 provides that

[c]andidates for long – term OMA should:

> a. Have an established diagnosis that is consistent with chronic pain.
> b. Have not responded to nonopioid treatment.
> c. Not be pregnant. Claimants likely to become pregnant during the course of treatment must be advised of the risks to the fetus should pregnancy occur.
> d. Not be using illegal drugs or abusing alcohol.
> e. Be reliable claimants who are known to the physician and are expected to be compliant with the treatment protocol.

West Virginia Code of State Rules §85-20-53.6 provides a list of recommended, but not mandatory, guidelines, which includes a treatment plan and a thorough medical history. Lastly, West Virginia Code of State Rules §85-20-53.9 provides that a claimant who has been taking opioids without signs of improvement must undergo a psychological evaluation.

Ms. Moskal has met the criteria for long-term opioid use. Her medical records establish that she suffers from chronic back pain due to her compensable injury and subsequent surgeries. She has made attempts to taper her use of narcotic pain medication but is unable to do so due to unbearable pain. Ms. Moskal's records show no indication of abuse of the medications she has been prescribed. Further, she has come under the care of a pain medicine specialist, who concurs with her treating physician that the medication Tramadol is necessary and reasonable treatment. Ms. Moskal has received a permanent total disability award for her compensable injury and has undergone numerous medical evaluations by several physicians, all of whom determined that she has chronic pain and that the medication Tramadol is necessary treatment. The decision of the Board of Review is therefore reversed insofar as it denied authorization of the medication Tramadol. The Board of Review's decision is affirmed insofar as it affirmed the authorization of an adjustable bed.

For the foregoing reasons, we affirm the Board of Review's decision insofar as it authorized an adjustable bed. We reverse the decision insofar as it denied the medication Tramadol and remand the case with instructions to authorize the medication.

Affirmed, in part, and Reversed and Remanded, in part.

**ISSUED: February 13, 2020**

**CONCURRED IN BY:**

Justice Margaret L. Workman
Justice Elizabeth D. Walker
Justice John A. Hutchison

**DISSENTING:**

Chief Justice Tim Armstead
Justice Evan H. Jenkins